NO.16-36034

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

P. BRET CHIAFALO and LEVI GUERRA,

Appellants,

v.

JAY INSLEE, in his official capacity as Governor of Washington, BOB FERGUSON, in his official capacity as Attorney General of Washington, and KIM WYMAN, in her official capacity as Washington Secretary of State,

Respondents.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No. C16-1886JLR
The Honorable James L. Robart
United States District Court Judge

## STATE RESPONDENTS' OPPOSITION TO EMERGENCY MOTION FILED PURSUANT TO CIRCUIT RULE 27-3

ROBERT W. FERGUSON
*Attorney General of Washington*
NOAH G. PURCELL, WSBA 43492
*Solicitor General*
CALLIE A. CASTILLO, WSBA 38214
REBECCA R. GLASGOW, WSBA 32886
*Deputy Solicitors General*
PO Box 40100
Olympia, Washington 98504-0100
(360) 664-0869
CallieC@atg.wa.gov
RebeccaG@atg.wa.gov

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    STATEMENT OF THE CASE ....................................................2

    A.  Overview of Washington State Law .........................................2

    B.  Procedural History.....................................................................6

III.   STANDARD OF REVIEW ..........................................................8

IV.   ARGUMENT................................................................................10

    A.  Washington Law Does Not Prevent Presidential Electors From
        Casting an Electoral Ballot for a Particular Candidate ...........10

    B.  The Constitution Provides Washington with Plenary Power to
        Appoint the State's Presidential Electors ...............................12

    C.  Appellants Will Not Suffer Irreparable Injury if Wash. Rev.
        Code § 29A.56.340 Remains Enforceable. ..............................15

V.    CONCLUSION...........................................................................17

# TABLE OF AUTHORITIES

## Cases

*All. for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) .......................................................................... 9

*Am. Trucking Assn's, Inc. v. City of Los Angeles*,
  559 F.3d 1046 (9th Cir. 2009) .................................................................... 9, 10

*McPherson v. Blacker*,
  146 U.S. 1 (1892) ................................................................................. 12, 15

*Nader v. Brewer*,
  386 F.3d 1168 (9th Cir. 2004) ...................................................................... 10

*Pimentel v. Dreyfus*,
  670 F.3d 1096 (9th Cir. 2012) ........................................................................ 9

*Ray v. Blair*,
  343 U.S. 214 (1952) ................................................................... 2, 12, 14-16

*Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*,
  944 F.2d 597 (9th Cir. 1991) ....................................................................... 17

*Shanlian v. Faulk*,
  68 Wash. App. 320 (1992) ........................................................................... 11

*State v. WWJ Corp.*,
  88 Wash. App. 167 (1997), *aff'd in part, rev'd in part on other grounds*,
  138 Wash. 2d 595 (1999) ............................................................................. 11

*U.S. Steel Corp. v. State*,
  65 Wash. 2d 385 (1964) ............................................................................... 11

*U.S. Term Limits, Inc. v. Thornton*,
  514 U.S. 779 (1995) ................................................................................. 2, 13

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ........................................................................ 8, 9

## Constitutional Provisions

U.S. Const. amend. I ...................................................................... 7, 15

U.S. Const. amend. X .................................................................... 2, 13

U.S. Const. amend. XII ............................................................. 5, 7, 12

U.S. Const. art. I, § 2 ........................................................................ 1

U.S. Const. art. II ............................................................................ 12

U.S. Const. art. II, § 1 ............................................................. 2, 7, 13

U.S. Const. art. II, § 1, cl. 2 ..................................................... 2, 12

## Statutes

3 U.S.C. § 4 ...................................................................................... 4

3 U.S.C. § 7 ...................................................................................... 4

3 U.S.C. § 10 .................................................................................... 5

3 U.S.C. § 11 .................................................................................... 5

Mich. Comp. Laws § 168.47 ...................................................... 6, 11

Minn. Stat. § 208.46 .................................................................. 6, 11

N.C. Gen. Stat. § 163-212 .......................................................... 6, 11

Okla. Stat. § 26-10-108 ............................................................. 6, 11

Wash. Rev. Code § 29A.56 ........................................................ 3, 11

Wash. Rev. Code § 29A.56.300 ..................................................... 3

Wash. Rev. Code § 29A.56.320.................................................................. 3, 4, 10

Wash. Rev. Code § 29A.56.330............................................................................ 4

Wash. Rev. Code § 29A.56.340............................................ 1, 4- 8, 10-12, 14-17

## I.    INTRODUCTION

There is no basis for this Court to grant Appellants' emergency motion and declare Wash. Rev. Code § 29A.56.340 unconstitutional before the Electoral College convenes on December 19.

Appellants continually mischaracterize Washington law. Unlike 25 other states, Washington does not mandate that presidential electors cast an electoral vote in a particular manner or require automatic resignation or forfeiture of the elector's office when an elector votes contrary to his or her pledge. Accordingly, come December 19, Appellants may cast their electoral ballot for whomever they choose. The only consequence state law imposes for violation of an elector's pledge is up to a $1,000 penalty. Wash. Rev. Code § 29A.56.340. No court has ever deemed such a requirement unconstitutional, and Appellants' unprecedented claims have no likelihood of success on the merits. Even more obviously, they face no likelihood of irreparable harm given that that the sole injury they fear is a potential monetary penalty that has not yet been imposed and Appellants could legally challenge in a variety of ways aside from this aside from this emergency proceeding if it were imposed.

Appellants also misquote and fundamentally mischaracterize Article I, section 2 of the United States Constitution, which places the manner of

appointing electors squarely with the states. U.S. Const. art. II, § 1, cl. 2. ("*Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors*, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress . . . ."). In particular, Appellants' arguments regarding the Tenth Amendment and *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995), which analyzes a different constitutional provision, are in error because *the Constitution* itself explicitly grants the States' power to appoint electors as they choose.

Finally, without citing any authority, Appellants wrongly assert that electors have a constitutional freedom to vote for the candidate of their choice regardless of the popular vote in the State. No court, anywhere, has adopted Appellants' view that electors have a constitutional right to ignore the will of the State that appoints them. *C.f. Ray v. Blair*, 343 U.S. 214, 224-25 (1952) ("[Electors] act by authority of the state that in turn receives its authority from the federal constitution.").

## II.     STATEMENT OF THE CASE

### A.     Overview of Washington State Law

Under the authority granted to the States in Article II, §section 1 of the United States Constitution, the Washington Legislature has adopted statutes

governing Washington's presidential electors. Wash. Rev. Code § 29A.56. In a presidential election year, each major and each minor political party that nominates candidates for president and vice president "shall [also] nominate presidential electors for this state." Wash. Rev. Code § 29A.56.320. The party or convention must submit to the Secretary of State a certificate listing the names and addresses of the party's presidential electors. *Id.* The statute also requires that "[e]ach presidential elector shall execute and file with the secretary of state a pledge that, as an elector, he or she will vote for the candidates nominated by that party." *Id.* Both Appellants submitted pledges that comply with this requirement. D. Ct. Dkt. No. 19 at 9, 11 (attached).

The parties' slates of presidential electors do not appear on the general election ballot. Wash. Rev. Code § 29A.56.320. Instead, the votes that Washington voters cast in the general election for candidates for president and vice president of each political party "shall be counted for the candidates for presidential electors of that political party." Wash. Rev. Code § 29A.56.320.[1]

---

[1] Wash. Rev. Code § 29A.56.300 provides for a different system where electoral votes are tied to the national popular vote. This provision was adopted as contingent legislation and it would take effect only "when states cumulatively possessing a majority of the electoral votes have enacted this agreement . . . ." Wash. Rev. Code § 29A.56.300. This has not yet occurred.

3

Once the general election votes are canvassed and certified, the majority of Washington's popular vote for President and Vice President determines the party whose electors will serve in the Electoral College from Washington. Wash. Rev. Code § 29A.56.320, .330. The Secretary of State signs and submits a list of the winning party's electors to the Governor for signature. Wash. Rev. Code § 29A.56.330.

Hillary Clinton and Tim Kaine, candidates for the Democratic Party, won the Washington popular vote for president and vice president by more than 500,000 votes. D. Ct. Dkt. No. 19 at 33 (attached). The Democratic Party's slate of electors therefore will serve in the Electoral College from Washington. Wash. Rev. Code § 29A.56.320. Appellants Mr. Chiafalo and Ms. Guerra are on the Democratic Party's slate of electors. D. Ct. Dkt. No. at 4 (attached). The Democratic Party's electors will convene at noon on December 19, 2016. Wash. Rev. Code § 29A.56.340; *see also* 3 U.S.C. § 7.

Federal law provides that "[e]ach State may, by law, provide for the filling of any vacancies which may occur in its college of electors when such college meets to give its electoral vote." 3 U.S.C. § 4. State law provides that "[i]f there is any vacancy in the office of an elector occasioned by death, refusal to act, neglect to attend, or otherwise, the electors present shall

4

immediately proceed to fill [the vacancy] by voice vote, and plurality of votes." Wash. Rev. Code § 29A.56.340. For example, should there be a Party determination that a vacancy exists in that Party's slate of electors under party rules, the State Defendants would honor that determination and the resulting vacancy would have to be filled. *See* D. Ct. Dkt. No. 19 at 44(attached).

Once any vacancies are filled, the electors shall then "proceed to perform the duties required of them by the Constitution and laws of the United States." Wash. Rev. Code § 29A.56.340. Under the Twelfth Amendment, the electors "shall . . . vote by ballot for President and Vice-President . . . in distinct ballots." "[T]hey shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of government of the United States." U.S. Const. amend. XII; *see also* 3 U.S.C. §§ 10, 11.

Under state law, "[a]ny elector who votes for a person or persons not nominated by the party of which he or she is an elector is subject to a civil penalty of up to one thousand dollars." Wash. Rev. Code § 29A.56.340. There is nothing in Wash. Rev. Code § 29A.56.340, however, that directs any of the State Defendants or any other state official to reject an elector's vote if it is

contrary to the elector's pledge. In fact, unlike 25 other states, Washington has not adopted a state law that mandates a particular electoral vote, or automatic resignation or forfeiture of the elector's office when an elector votes contrary to his or her pledge. *See, e.g.*, Mich. Comp. Laws § 168.47[2]; Minn. Stat. § 208.46[3]; N.C. Gen. Stat. § 163-212[4]; Okla. Stat. § 26-10-108.[5]

## B.    Procedural History

On December 8, 2016, Appellants filed suit asking the federal court to declare Wash. Rev. Code § 29A.56.340 unconstitutional and enter a temporary restraining order to enjoin enforcement of Wash. Rev. Code § 29A.56.340 before Washington's Electoral College convenes. D. Ct. Dkt. Nos. 1, 2. District

---

[2] Mich. Comp. Laws § 168.47 ("Refusal or failure to vote for the candidates for president and vice-president appearing on the Michigan ballot of the political party which nominated the elector constitutes a resignation from the office of elector, his vote shall not be recorded and the remaining electors shall forthwith fill the vacancy.")

[3] Minn. Stat. § 208.46 ("Except as otherwise provided by law of this state other than this chapter, the secretary of state may not accept and may not count either an elector's presidential or vice-presidential ballot if the elector has not marked both ballots or has marked a ballot in violation of the elector's pledge.")

[4] N.C. Gen. Stat. § 163-212 ("refusal or failure to vote for the candidates of the political party which nominated such elector shall constitute a resignation from the office of elector, his vote shall not be recorded, and the remaining electors shall forthwith fill such vacancy as hereinbefore provided.")

[5] Okla. Stat. § 26-10-108 ("In the event any Presidential Elector fails to meet at the Governor's office at the prescribed time or refuses or fails to vote for the persons nominated for the offices of President and Vice President by the political party which nominated the Presidential Elector, it shall be the duty of the Electors present at the time and place aforesaid to appoint a person to fill such vacancy.")

Court Judge James L. Robart denied Appellants' motion for temporary restraining order on two independent grounds. *See* D. Ct. Dkt. No. 34 (attached).

First, Judge Robart held that Appellants had not shown a likelihood of success on the merits because they based all of their arguments on the incorrect premise that Washington requires electors to cast their ballot in a particular manner. He also found that Appellants had cited no authority that extends the First Amendment to an electoral vote and, even if the First Amendment applied, the State's interests in linking the electoral votes to the majority popular vote justify the state penalty found in Wash. Rev. Code § 29A.56.340. *Id*. Even though Appellants had asserted in their briefing that Article II, section 1 or the Twelfth Amendment also entitled them to vote freely as electors without the threat of any penalty, Judge Robart did not find they were likely to succeed on those theories. *Id*.

Second, Judge Robart held that Appellants had not demonstrated the likelihood of irreparable injury. Citing this Court's precedent, Judge Robart concluded the possible threat of financial injury was not sufficient for preliminary injunctive relief because Appellants had a future remedy should the penalty be imposed and later held improper. Further, Appellants' alleged

harm was speculative as Appellants had not yet decided how they would cast their electoral vote and, even if they chose to violate their pledge, the financial penalty was discretionary as to whether it would be imposed and in what amount. Finally, he concluded that Appellants had cited no authority for their proposition that the threat of such a financial penalty compelled any speech under the First Amendment. *Id.*

Appellants appealed and filed an emergency motion asking this Court, not to overturn the District Court's denial of injunctive relief, but to unilaterally declare Wash. Rev. Code § 29A.56.340 unconstitutional. D. Ct. Dkt. No. 27; Dkt. No. 4.

## III. STANDARD OF REVIEW

Appellants ignore the procedural posture of this case and, without citing any authority, affirmatively ask this Court to declare Wash. Rev. Code § 29A.56.340 unconstitutional. However, the "extraordinary remedy" of preliminary injunctive relief is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Greren*, 553 U.S. 674, 689-90 (2008)). Instead, Appellants have the burden of establishing (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their

8

favor; and (4) that an injunction is in the public interest. *Id.* at 20. In each case, the court must balance the competing claims and consider the effects on each party, paying "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id*. (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

Under this Circuit's "sliding scale" approach, the Court balances the elements so that a "stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). At "'an irreducible minimum,'" however, "'the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation,'" in addition to establishing the other three factors, before relief may be granted. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir.2009)).

Further, this Court subjects a district court's order regarding preliminary injunctive relief to only limited, deferential review. *Am. Trucking Assn's, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A decision denying relief is reviewed for abuse of discretion, which occurs only if the district court based its decision on either an erroneous legal standard or clearly

erroneous factual findings. *Nader v. Brewer*, 386 F.3d 1168, 1169 (9th Cir. 2004). "As long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." *Am. Trucking Assn's, Inc.*, 559 F.3d at 1052 (quoting *Wildwest Inst. v. Bull*, 472 F.3d 587, 590 (9th Cir. 2006)).

Here, Appellants made no attempt to establish that they meet any of these standards. In any event, Appellants cannot meet their burden to show that they are entitled to extraordinary relief because they are simply wrong on the law and will not suffer irreparable harm.

## IV.   ARGUMENT

### A.   Washington Law Does Not Prevent Presidential Electors From Casting an Electoral Ballot for a Particular Candidate

Appellants' claims revolve around one fundamentally incorrect premise: that Washington law prevents presidential electors from casting electoral votes in a particular way. *See, e.g.*, Emergency Mtn. at 13-14. While it is true that state law requires each elector to submit a pledge that they will vote for the candidates nominated by their party, Wash. Rev. Code § 29A.56.320, and that the law provides a mechanism to penalize electors who fail to do so, Wash. Rev. Code § 29A.56.340, nothing in state law prevents electors from actually

casting a ballot for the candidate of their choosing. *See generally* Wash. Rev. Code § 29A.56; *specifically* Wash. Rev. Code § 29A.56.340 ("any elector *who votes* for a person or persons not nominated . . . .").

In fact, unlike in other states, nothing in Washington law directs the State Defendants to remove an elector from a party's slate or reject an elector's ballot if they vote against their party pledge. *Id.*; *contrast* Mich. Comp. Laws § 168.47; Minn. Stat. § 208.46; N.C. Gen. Stat. § 163-212; Okla. Stat. § 26-10-108. Instead, the only action that Wash. Rev. Code § 29A.56.340 authorizes is a civil penalty against any elector who votes for a person not nominated by the party of which he or she is an elector. Wash. Rev. Code § 29A.56.340. But even this provision is discretionary under state jurisprudence, which places the imposition and amount of a civil penalty within the sound discretion of a court or state agency. *See, e.g.*, *State v. WWJ Corp.*, 88 Wash. App. 167, 169 (1997), *aff'd in part, rev'd in part on other grounds*, 138 Wash. 2d 595 (1999) ("trial court's imposition of a civil penalty within statutory limits is reviewed for abuse of discretion"); *U.S. Steel Corp. v. State*, 65 Wash. 2d 385, 387 (1964) (acknowledging state law gave discretion to state agency to assess interest and other penalties); *Shanlian v. Faulk*, 68 Wash. App. 320, 328 (1992) (imposition of authorized penalty is within agency's discretion).

11

Appellants are simply wrong to claim that Wash. Rev. Code § 29A.56.340 prevents them from casting their electoral ballots in any particular way.

## B. The Constitution Provides Washington with Plenary Power to Appoint the State's Presidential Electors

Appellants are also wrong to assert that Wash. Rev. Code § 29A.56.340 is inconsistent with Article II and the Twelfth Amendment (Emergency Mot. at 11-13) when the Constitution explicitly grants States the power to appoint presidential electors.

Article II, section 1, clause 2 of the United States Constitution provides States with plenary power, subject only to other possible constitutional limitations, over the appointment of electors and the mode by which electors carry out their appointment. U.S. Const. art. II, § 1, cl. 2 ("Each State shall appoint, *in such Manner as the Legislature thereof may direct*, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress . . . .") (emphasis added); *Ray*, 343 U.S. at 227 (subject to possible other constitutional limitations, states have a right to appoint electors in such manner as they choose); *McPherson v. Blacker*, 146 U.S. 1, 35 (1892) ("from the formation of the government until

now the practical construction of the clause has conceded plenary power to the state legislatures in the matter of the appointment of electors").

Despite this explicit authority granted to the States, Appellants contend that, "there are no reserved powers under the Tenth Amendment with regard to how [state] electors vote," Emergency Mot. at 12, and that "the Framers would not have envisioned" a "patchwork of state qualifications" for electors. Emergency Mot. at 10 (relying on *Thornton*, 514 U.S. at 822). It is unclear how Appellants can ignore the plain text of Article II, section 1, to make these assertions, but—setting that fundamental problem aside—their reliance on the Tenth Amendment and *Thornton* is fundamentally misplaced.

The Tenth Amendment provides "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." As the Supreme Court has made clear this provision reserves to the States powers "to the extent that the Constitution has not divested them . . . and transferred [them] to the Federal Government." *Thornton*, 514 U.S. at 801. Accordingly, the Tenth Amendment cannot "reserve" what the State never originally possessed. *Id.* at 802.

In *Thornton*, the Court concluded that the States never originally possessed the ability to set qualifications for members of Congress, which the

13

states could not have had prior to the founding of the national government and which the Constitution explicitly gave to Congress to govern. *Id.* at 803-06. In stark contrast here, Washington is not relying on a "reserved" power in order to govern the manner in which electors carry out their appointments through Wash. Rev. Code § 29A.56.340. It is relying on the explicit, constitutional grant of power found in Article I, section 2.

Wash. Rev. Code § 29A.56.340 falls squarely within the State's plenary, constitutional power. It sets the time and location at which the State's electors of president and vice president convene on the day fixed by Congress. Wash. Rev. Code § 29A.56.340. It sets the method by which vacancies in the office of elector are fulfilled. *Id.* It orders electors to "proceed to perform the duties required of them by the Constitution and laws of the United States." *Id.* It also, while not mandating a particular vote, provides a discretionary penalty against an elector who votes in a manner inconsistent with his or her party pledge. *Id.*

Each of these provisions sets the mode and method by which electors act to fulfill the State's obligation in the Electoral College. *See Ray*, 343 U.S. at 224-25, 228. Moreover, the latter provision fulfills the State's legitimate legislative objective of facilitating the effective operation of democratic government by providing a means to hold electors to their pledged party

affiliation, thereby making it more likely an elector will vote consistent with the will of Washington's electorate. *See id.* at 226 nn. 14, 15. Accordingly, Wash. Rev. Code § 29A.56.340 falls within the State's constitutional power to appoint presidential electors in such manner as the Legislature directs. Appellants are wrong to suggest otherwise.

## C. Appellants Will Not Suffer Irreparable Injury if Wash. Rev. Code § 29A.56.340 Remains Enforceable.

Finally, Appellants claim they will suffer irreparable harm if they are not allowed to vote for the candidate of their choice without threat of consequence. Emergency Mot. at 13-14. Specifically, and without citing any authority, Appellants contend they have a "constitutional freedom to vote [as electors] for the candidate of their choice," which they contend Wash. Rev. Code § 29A.56.340 "wrongly denies them." *Id.*

No court has held that the First Amendment extends to the casting of an electoral vote. In serving as presidential electors, Appellants are not exercising their own individual right to vote, nor are they speaking on their own behalf. *See McPherson*, 146 U.S. at 38-39 ("The first section of the fourteenth amendment does not refer to the exercise of the elective franchise . . . . The right to vote intended to be protected [by the second section] refers to the right to vote as established by the laws and constitution of the state."). Instead, when

Appellants convene as part of Washington's Electoral College, they are acting on behalf of the State of Washington and its people. *C.f. Ray*, 343 U.S. at 224-25. Appellants voluntarily sought the position of elector and voluntarily signed a pledge to vote for the Democratic Party's presidential nominees if those candidates won a majority of the popular vote. Appellants cannot now, less than a week before the Electoral College convenes, claim independence from the people's will.

In reality, Appellants' claims of irreparable harm are based on a series of speculative events, including the possible threat of financial penalty, that have not occurred and many of which are outside the State's control. To this day, Appellants cannot say with certainty who they will cast their electoral vote for on December 19. *See* Emergency Mot. at 3-4. Appellants may choose in fact to cast their electoral vote for the Democratic Presidential Nominees, Hillary Clinton and Tim Kaine, making any enforcement of the civil penalty provision in Wash. Rev. Code § 29A.56.340 unnecessary. Even if Appellants choose to cast their vote for candidates other than the Party's Presidential Nominees, no one can say with certainty when or whether the civil penalty would be enforced or in what amount, as it has never before occurred in Washington State. But even if the State does exercise its authority to impose a penalty against

Appellants for violating state law, this possibility is still not sufficient to constitute irreparable harm when Appellants will have ample opportunity to challenge the penalty outside these emergency proceedings. *See, e.g.*, *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

## V.    CONCLUSION

In sum, Appellants have provided this Court with no legitimate basis to grant their emergency motion. All of Appellants' claims are based on an unsupported, incorrect view of the law. They have mischaracterized the function and application of Wash. Rev. Code § 29A.56.340. And no court, anywhere, has adopted Appellants' argument that the Constitution requires allowing electors to ignore the will of their state's voters without consequence.

RESPECTFULLY SUBMITTED this 15th day of December, 2016.

ROBERT W. FERGUSON
  *Attorney General of Washington*
NOAH G. PURCELL, WSBA 43492
  *Solicitor General*

 s/ Callie A. Castillo
CALLIE A. CASTILLO, WSBA 38214
 s/ Rebecca R. Glasgow
REBECCA R. GLASGOW, WSBA 32886
  *Deputy Solicitors General*
PO Box 40100
Olympia, Washington 98504-0100
(360) 664-0869
CallieC@atg.wa.gov
RebeccaG@atg.wa.gov

## CERTIFICATE OF SERVICE

I certify, under penalty of perjury under the laws of the state of Washington, that I electronically filed a true and correct copy of the foregoing document with the United States Court of Appeals for the Ninth Circuit ECF system, which will send notification of the filing to the following:

Sumeer Singla
Jonah O. Harrison
1325 Fourth Avenue, Suite 1400
Seattle, WA 98101
sumeer@impactlawgroup.com
jonah@impactlawgroup.com

Robert J. Maguire
Harry J. F. Korrell
Davis Wright Tremaine LLP
1201 Third Avenue, Ste 2200
Seattle, WA 98101-3045
robmaguire@dwt.com
harrykorrell@dwt.com

Chad A. Readler
325 John H. McConnell
boulevard, Suite 600
Columbus, OH 43215-2673
careadler@jonesday.com

Robert A. McGuire, III
Robert McGuire Law Firm
2703 Jahn Avenue NW, Ste C-7
Gig Harbor, WA 98335
ram@lawram.com

Andrew J. Dhuey
456 Boynton Avenue
Berkeley, CA 94707

DATED this15th day of December 2016, at Olympia, Washington.

 s/ Kristin D. Jensen
KRISTIN D. JENSEN
Confidential Secretary

18

The Honorable James L. Robart
Hearing Set: December 14, 2016, 1:00 p.m.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| P. BRET CHIAFALO and LEVI GUERRA,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in his official capacity as Governor of Washington, BOB FERGUSON, in his official capacity as Attorney General of Washington, and KIM WYMAN, in her official capacity as Washington Secretary of State,<br><br>Defendants. | NO. 2:16-cv-01886-JLR<br><br>DECLARATION OF<br>LORI AUGINO |

I, Lori Augino, declare as follows:

1.     I am over eighteen years of age and competent to testify. I currently serve as the Director of Elections in the Office of the Secretary of State of Washington. The information stated below is true and correct and based on my own knowledge.

2.     Attached as Exhibit A is a true and correct copy of the Certificate of Ascertainment of Votes Cast for Presidential Electors, which includes a list of the Democratic Party's electors and alternates.

3.     Attached as Exhibit B is a true and correct copy of the pledges of the Washington State Democratic Party's electors and alternates as they were submitted to the Secretary of State's Office.

DECLARATION OF LORI AUGINO          1
NO.2:16-CVJLR

1        4.      Attached as Exhibit C is a true and correct copy of the Secretary of State's

2  certification for the 2016 General Election.

3        5.      Attached as Exhibit D is a true and correct copy of a letter that I sent in October

4  2016 in response to an inquiry about whether a political party could make changes in its slate

5  of electors.

6       I swear under penalty of perjury under the laws of the state of Washington that the

7  foregoing is true and correct and of my own knowledge, and that I executed this declaration at

8  Olympia, Washington.

9       DATED this 12th day of December, 2016.

10

11

12                           Lori Augino, Director of Elections

13                           Olympia, Washington

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF LORI AUGINO        2        ATTORNEY GENERAL OF WASHINGTON
NO.2:16-CVJLR                            1125 Washington Street SE
                                      PO Box 40100
                                   Olympia, WA 98504-0100
                                      (360) 753-6200

**CERTIFICATE OF SERVICE**

I certify, under penalty of perjury under the laws of the state of Washington, that I electronically filed a true and correct copy of the foregoing document with the United States District Court ECF system, which will send notification of the filing to the following:

Sumeer Singla
Jonah O. Harrison
1325 Fourth Avenue, Suite 1400
Seattle, WA  98101
sumeer@impactlawgroup.com
jonah@impactlawgroup.com

Robert J. Maguire
Harry J. F. Korrell
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
robmaguire@dwt.com
harrykorrell@dwt.com

Chad A. Readler
325 John H. McConnell boulevard, Suite 600
Columbus, OH  43215-2673
careadler@jonesday.com

Robert A. McGuire, III
Robert McGuire Law Firm
2703 Jahn Avenue NW, Suite C-7
Gig Harbor, WA  98335
ram@lawram.com

DATED this 12th day of December 2016, at Olympia, Washington.

　　　　　　　　　s/ Kristin D. Jensen
KRISTIN D. JENSEN
Confidential Secretary

DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION
NO.2:16-JLR

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200



# Certificate of Ascertainment
## of the Votes Cast for Presidential Electors
## of the State of Washington

Pursuant to Article II, Section 1, of the Constitution of the United States, Section 1 of Title 3, United States Code, and the related constitutional and statutory provisions of the United States and the State of Washington, an election of presidential electors was held on Tuesday, November 8, 2016. The numbers of votes cast for each slate of electors at this general election, as certified by the Secretary of State pursuant to RCW 29A.60.250, are as follows:

Electors of the Democratic Party                                    1,742,718

| | | | | | | |
|---|---|---|---|---|---|---|
| Varisha | M | Khan | 20320 - 217th Ave NE | Woodinville | WA | 98077 |
| Peter | Bret | Chiafalo | 2106 - 131st Pl SW | Everett | WA | 98204 |
| Ryleigh | | Ivey | 1022 W 39th St | Vancouver | WA | 98660 |
| Levi | Jennet | Guerra | 20507 Rd 11 SE | Warden | WA | 98857 |
| Phillip | W | Tyler | 5216 S Altamont Ln | Spokane | WA | 99223 |
| Julie | A | Johnson | PO Box 187 | Neah Bay | WA | 98357 |
| Chris | L | Porter | 8424 - 46th Ave SW | Seattle | WA | 98136 |
| Dan | William | Carpita | 39235 - 258th Ave SE | Enumclaw | WA | 98022 |
| Esther | Virginia | John | 1807 - 13th Ave S | Seattle | WA | 98144 |
| Eric | P W | Herde | 12305 Golden Given Rd E | Tacoma | WA | 98445 |
| Robert | K | Satiacum | 8216 42nd Street Ct W | University Place | WA | 98466 |
| Elizabeth | Jean | Caldwell | 12540 N Park Ave N | Seattle | WA | 98133 |

*Alternate electors*

| | | | | | | |
|---|---|---|---|---|---|---|
| Richard | Arthur | Marshall | 8001 - 156th St SE | Snohomish | WA | 98296 |
| Lona | | Wilbur | PO Box 309 | La Conner | WA | 98257 |
| Ralph | E | Schmidt | 9705 NE 109th Ct | Vancouver | WA | 98662 |
| Mathew | K M | Tomaskin | PO Box 302 | Wapato | WA | 98951 |
| Rebecca | K | Graham | 4613 N Malta St | Newman Lake | WA | 99025 |
| Payton | Oliver | Swinford | 6465 SE Fragaria Rd | Olalla | WA | 98359 |
| Kimiko | Richardson | Rutledge | 2621 - 24th Ave W | Seattle | WA | 98199 |
| Emilie | Sakiye | Reitz | 15910 Uplands Way SE | North Bend | WA | 98045 |
| Orson | | Williamson | 816 - 21st Ave | Seattle | WA | 98122 |
| Patti | A | Dailey | 3131 Bridgeport Way W, #29 | University Place | WA | 98466 |
| Julian | F S | Wheeler | 6416 Steilacoom Blvd SW | Lakewood | WA | 98499 |
| Carin | B | Chase | 8432 228th St SW | Edmonds | WA | 98026 |

**EXHIBIT A**

Electors of the Republican Party          1,221,747

| | | | | | | |
|---|---|---|---|---|---|---|
| Ronald | H | Averill | 2523 Graf Rd | Centralia | WA | 98531 |
| Rob | | Barrans | 34040 46th Ave S | Auburn | WA | 98001 |
| Laura | | Day | 1212 5th Ave N #3 | Seattle | WA | 98109 |
| David | | Flint | 17417 55th Pl W | Lynnwood | WA | 98037 |
| Kurt | | Goering | 19960 Ravenwood Rd SE | Monroe | WA | 98272 |
| William | Bruce | Heath | 1760 Kapalua Ave | Richland | WA | 99352 |
| Garry | | Holland | 5442 Sleater-Kinney Rd NE | Olympia | WA | 98506 |
| Daniel | F | Nims | 2450 Wallula Ave | Walla Walla | WA | 99362 |
| Joy | | Omlid | 9412 Thomle Rd | Stanwood | WA | 98292 |
| Debra | | Sabin | 32320 20th Pl SW | Federal Way | WA | 98023 |
| Robert | Lyle | Schneider | PO Box 206 | Leavenworth | WA | 98826 |
| Susan | | Shotthafer | 214 Alderview Dr | Port Angeles | WA | 98362 |

Electors of the Socialist Workers Party          4,307

| | | | | | | |
|---|---|---|---|---|---|---|
| Geoffrey | B | Hamill | 4903 Fremont Ave N | Seattle | WA | 98103 |
| Deborah | L | Higdon | 308 E Republican St #308 | Seattle | WA | 98102 |
| James | F | Miller | 308 E Republican St #308 | Seattle | WA | 98102 |
| Dean | | Denno | 14643 7th Ave SW | Burien | WA | 98166 |
| Edwin | B | Fruit | 4431 37th Ave SW #36 | Seattle | WA | 98126 |
| Mary | J | Martin | 4431 37th Ave SW #36 | Seattle | WA | 98126 |
| John | F | Naubert | 3332 172nd St SW | Burien | WA | 98166 |
| Scott | A | Breen | 5902 Eastwood Dr S | Seattle | WA | 98178 |
| Rachel | | Knapik | 5902 Eastwood Dr S | Seattle | WA | 98178 |
| Cecelia | H | Moriarity | 9201 Rainier Ave S #312 | Seattle | WA | 98118 |
| Jeanne | Ann | Fitzmaurice | 5913 Rainier Ave S #303 | Seattle | WA | 98118 |
| Henry | Clay | Dennison | 5913 Rainier Ave S #303 | Seattle | WA | 98118 |

Electors of the Socialism and Liberation Party          3,523

| | | | | | | |
|---|---|---|---|---|---|---|
| Jane | N | Cutter | 14521 6th Ave NE | Shoreline | WA | 98155 |
| Andrew | T | Freeman | 14521 6th Ave NE | Shoreline | WA | 98155 |
| Rachel | C | Freeman | 14521 6th Ave NE | Shoreline | WA | 98155 |
| Elizabeth | A | DeLeon | 14521 6th Ave NE | Shoreline | WA | 98155 |
| Adam | | Evans | 411 B Filbert Ln | Burlington | WA | 98733 |
| Andrew | | Clemens | 7632 13th Ave NE | Olympia | WA | 98516 |
| Aaron | | Maher | 713 N 33rd St | Renton | WA | 98056 |
| Devlin | | Kennedy | 3923 14th Ave S | Seattle | WA | 98108 |
| Meredith | | Arena | 3923 14th Ave S | Seattle | WA | 98108 |
| Michael | | Buchert | 1823 26th Ave | Seattle | WA | 98122 |
| Brian | | Brown | 4420 326th Ave NE | Carnation | WA | 98104 |
| Andrew | M | Snyder | 3923 14th Ave S | Seattle | WA | 98108 |

**EXHIBIT A**

Electors of the Green Party                                         58,417

| Jody | | Grage | 2428 NW 56th | Seattle | WA | 98107 |
|------|---|-------|--------------|---------|-----|-------|
| Ryan | | Jones | 216 23rd E #C4 | Seattle | WA | 98112 |
| Nan | | McMurry | 3401 W Government Way #304 | Seattle | WA | 98199 |
| Todd | | Boyle | 6057 3rd NW | Seattle | WA | 98107 |
| Daniel | | Lee | 139 23rd S | Seattle | WA | 98144 |
| Lisa | | Canar | 915 N 79th | Seattle | WA | 98103 |
| Ethan | | Rourke | 11745 15th NE #201 | Seattle | WA | 98125 |
| Claude | | Ginsburg | 3011 NW 75th | Seattle | WA | 98117 |
| William | B | Dickinson | 2428 NW 56th | Seattle | WA | 98107 |
| Chuck | | Richards | 8325 9th NW | Seattle | WA | 98117 |
| David | | Jette | 134 N 81st | Seattle | WA | 98103 |
| Allison | | Strong | 5531 25th NE | Seattle | WA | 98105 |

Electors of the Constitution Party                                 17,623

| Teodore | P | Baker | 4817 N Stone St | Spokane | WA | 99207 |
|---------|---|-------|-----------------|---------|-----|-------|
| Gregory | D | Thorn | PO Box 2077 | Brewster | WA | 98812 |
| Miles | Dan'l | Adams | 7500 50th Pl | Marysville | WA | 98270 |
| Robert | W | Peck | 4610 S Bates Rd | Spokane Valley | WA | 99206 |
| Karen | Y | Murray | 127 N Street SW | Quincy | WA | 98848 |
| Paul | Douglas | Franklin | 215 W Goodlander Rd | Selah | WA | 98902 |
| Marilyn | J | Montgomery | 4715 E Sumac Dr | Spokane | WA | 99223 |
| Roy | W | Hagle Jr. | 1112 S Comax Ct | Spokane | WA | 99224 |
| Jonathan | Caleb | Collier | 11307 E 42nd Ct | Spokane Valley | WA | 99206 |
| Michael | Earl | Johnson | 2014 W Broadway Ave #7 | Spokane | WA | 99201 |
| Derral | | White | 2146 Heritage Way | Addy | WA | 99101 |
| Douglas | A | Olson | 524 E Timberwood Cir | Spokane | WA | 99208 |

# EXHIBIT A

Electors of the Libertarian Party                                    160,879

| Jason |  | Fonville | 645 S Lawler Ave | E Wenatchee | WA | 98802 |
|---|---|---|---|---|---|---|
| Don |  | Myers | 901 E Hagdon Dr | Moses Lake | WA | 98837 |
| Rory |  | Leckband | 10501 E Sinto Ave | Spokane Valley | WA | 99206 |
| Jeff |  | McCardel | 903 N 9th Way | Ridgefield | WA | 98642 |
| Robert |  | Straton | 11 Wisteria Ln | Bellingham | WA | 98229 |
| Gavin |  | Keefe | 415 N 44th Ave | Yakima | WA | 98908 |
| Larry | A | Nicholas | 2618 Huron St | Bellingham | WA | 98226 |
| Jacob | D | Lamont | 8241 Harborview Rd | Blaine | WA | 98230 |
| C | Michael | Pickens | 3010 67th Ave SE | Mercer Island | WA | 98040 |
| Heather |  | Fensch | 2101 S 324th St #200 | Federal Way | WA | 98003 |
| Tiffany |  | Diaz de Leone | 11013 SE Rae Ct | Port Orchard | WA | 98366 |
| Steven |  | Nielson | 512 Mansfield Ct SW #301 | Port Orchard | WA | 98367 |

Having received the greatest number of votes cast for the positions of Presidential Elector, the nominees for the Democratic Party for those positions are hereby declared duly elected and qualified to perform the duties and discharge the responsibilities of these offices.



𝕴𝕹 𝖂𝕴𝕿𝕹𝕰𝕾𝕾 𝖂𝕳𝕰𝕽𝕰𝕺𝕱, I have hereunto set my hand and caused the Seal of the State of Washington to be affixed this 7th day of December, 2016.

_____
Jay Inslee
Governor

𝕬𝕿𝕿𝕰𝕾𝕿:

_____
Kim Wyman
Secretary of State

**EXHIBIT A**



## Pledge of Presidential Elector Nominee

I, (Print Name) _VARISHA KHAN_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Varisha Khan_                     _8_ / _5_ / _2016_

**Signature of Elector**                **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, P. Bret Chiafalo, do hereby pledge that I will vote for the candidates nominated by the Democratic Party for President of the United States and Vice President of the United States.

_T. Bret Chiafalo_　　　　_8 , 3 , 2016_

**Signature of Elector**　　　　**Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**

## WA WASHINGTON STATE DEMOCRATS

## Pledge of Presidential Elector Nominee

I, (Print Name) _____Rylere/h Ivey_____ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____
**Signature of Elector**

05 / Aug / 2016
**Date**

Washington State Democrats
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) ___Levi Guerra___ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

___[signature]___                    ___08 , 08 , 2016___

**Signature of Elector**                **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## WASHINGTON STATE DEMOCRATS

---

## Pledge of Presidential Elector Nominee

I, (Print Name) _____PHILLIP  TYLER_____, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____          8 / 3 / 16

**Signature of Elector**                              **Date**

---

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA  98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**

03:11:48 p.m. 08-01-2016 | 1 | 3606452500

Aug 01 2016 4:14PM    JULIE JOHNSON INC          3606452500          p.1



# WASHINGTON STATE DEMOCRATS

## Pledge of Presidential Elector Nominee

I, (Print Name) ___Julie R. Johnson___, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Julie A. Johnson_          _8 / 1 / 2016_

**Signature of Elector**          **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## WASHINGTON STATE DEMOCRATS

---

### Pledge of Presidential Elector Nominee

I, (Print Name) _Chris L. Porter_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Chris L. Porter_                    _8 / 1 /16_

**Signature of Elector**          **Date**

---

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org



# WASHINGTON STATE DEMOCRATS

## Pledge of Presidential Elector Nominee

I, (Print Name) _Dean W Carpita_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____         _8_ / _4_ / _2016_

**Signature of Elector**         **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) _ESTHER V. JOHN_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____          8 , 2 , 16
**Signature of Elector**                      **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _Eric Herde_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_(signature)_                                    _8 / 4 / 16_

**Signature of Elector**                    **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _Elizabeth Caldwell_____, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.


_E J Caldwell_____          _8_ / _1_ / _16_

**Signature of Elector**                          **Date**

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

<span style="color:#e8407a">Richard A Marshall</span>

I, (Print Name) _____, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____          <span style="color:#e8407a">1 Aug 2016</span>
_____/_____/_____

**Signature of Elector**                          **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA  98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) __Ralph Edwin Schmidt__, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_(signature)_       08 /02 /2016

**Signature of Elector**       **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _Mathew K. M. ToMattlin_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_(signature)_         _8 / 3 / 16_

**Signature of Elector**        **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _Rebecca K Graham_ do hereby pledge that I will vote for the candidates nominated by the Democratic Party for President of the United States and Vice President of the United States.

Signature of Elector _Rebecca K Graham_

Date _8 / 2 / 16_

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 ~ Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# WASHINGTON STATE DEMOCRATS

## Pledge of Presidential Elector Nominee

I, (Print Name) _Payton Swinford_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Payton Swinford_ (signature)       _8 / 1 / 16_

**Signature of Elector**          **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) _Kimiko Rutledge_ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____        8 , 5 , 16
Signature of Elector                Date

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) _Emilie Reitz_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Emilie Reitz_
**Signature of Elector**

8 / 2 / 16
**Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) ___Patricia Dailey___, do hereby pledge that I will vote for the candidates nominated by the Democratic Party for President of the United States and Vice President of the United States.

_____          August 4, 2016
**Signature of Elector**                    **Date**

---

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _JULIAN F. SAUCEDo WHEELER,_ do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____              _8_ / _2_ / _2016_

**Signature of Elector**                    **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# WASHINGTON STATE DEMOCRATS

## Pledge of Presidential Elector Nominee

I, (Print Name) _Carin Chase_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_Carin Chase_                    __8_ / _1_ / _2016_

**Signature of Elector**              **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**

# WA WASHINGTON STATE DEMOCRATS

---

## Pledge of Presidential Elector Nominee

I, (Print Name) ___Lona Wilbur___ , do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

___Lona Willur___

**Signature of Elector**

___8 / 3 / 16___

**Date**

---

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



# Pledge of Presidential Elector Nominee

I, (Print Name) _ORSON WILLIAMSON_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____   _10_ / _Aug_ / _2016_

**Signature of Elector**                **Date**

**Washington State Democrats**
Jaxon Ravens, Chair
PO Box 4027, Seattle, WA 98194
Phone (206) 583-0664 – Fax (206) 583-0301
http://www.wa-democrats.org

**EXHIBIT B**



## Pledge of Presidential Elector Nominee

I, (Print Name) _Robert Kyle Satiacum_, do hereby pledge

that I will vote for the candidates nominated by the Democratic Party for

President of the United States and Vice President of the United States.

_____                    _____

**Signature of Elector**                          **Date**

**EXHIBIT B**



# Canvass of the Returns of the General Election
## Held on November 8, 2016

I, Kim Wyman, Secretary of State of the State of Washington, do hereby certify that according to the provisions of RCW 29A.60.240, I have canvassed the returns of the 3,363,440 votes cast for candidates in the November 8, 2016 General Election by the registered voters of the state for all federal and statewide offices, and those legislative and judicial offices whose jurisdiction encompasses more than one county, as received from the County Auditors, and that the votes cast for these measures and these candidates for office are as follows:

**Initiative Measure No. 1433**
Initiative Measure No. 1433 concerns labor standards. This measure would increase the state minimum wage to $11.00 in 2017, $11.50 in 2018, $12.00 in 2019, and $13.50 in 2020, require employers to provide paid sick leave, and adopt related laws.

| | |
|---|---|
| Yes | 1,848,583 |
| No | 1,370,907 |

**Initiative Measure No. 1464**
Initiative Measure No. 1464 concerns campaign finance laws and lobbyists. This measure would create a campaign-finance system; allow residents to direct state funds to candidates; repeal the non-resident sales-tax exemption; restrict lobbying employment by certain former public employees; and add enforcement requirements.

| | |
|---|---|
| Yes | 1,415,798 |
| No | 1,642,784 |

**Initiative Measure No. 1491**
Initiative Measure No. 1491 concerns court-issued extreme risk protection orders temporarily preventing access to firearms. This measure would allow police, family, or household members to obtain court orders temporarily preventing firearms access by persons exhibiting mental illness, violent or other behavior indicating they may harm themselves or others.

| | |
|---|---|
| Yes | 2,234,799 |
| No | 985,658 |

**Initiative Measure No. 1501**
Initiative Measure No. 1501 concerns seniors and vulnerable individuals. This measure would increase the penalties for criminal identity theft and civil consumer fraud targeted at seniors or vulnerable individuals; and exempt certain information of vulnerable individuals and in-home caregivers from public disclosure.

| | |
|---|---|
| Yes | 2,247,906 |
| No | 934,365 |

**Initiative Measure No. 732**
Initiative Measure No. 732 concerns taxes. This measure would impose a carbon emission tax on certain fossil fuels and fossil-fuel-generated electricity, reduce the sales tax by one percentage point and increase a low-income exemption, and reduce certain manufacturing taxes.

| | |
|---|---|
| Yes | 1,265,123 |
| No | 1,839,414 |

**EXHIBIT C**

**Initiative Measure No. 735**
Initiative Measure No. 735 concerns a proposed amendment to the federal constitution. This measure would urge the Washington state congressional delegation to propose a federal constitutional amendment that constitutional rights belong only to individuals, not corporations, and constitutionally-protected free speech excludes the spending of money.

| | |
|---|---|
| Yes | 1,923,489 |
| No | 1,138,453 |

**Advisory Vote No. 14**
**House Bill 2768**
The legislature extended, without a vote of the people, the insurance premium tax to some insurance for stand-alone family dental plans, costing an indeterminate amount in the first ten years, for government spending.

| | |
|---|---|
| Repealed | 2,038,321 |
| Maintained | 909,701 |

**Advisory Vote No. 15**
**Second Engrossed Substitute House Bill 2778**
The legislature imposed, without a vote of the people, certain limitations on the retail sales and use tax exemptions for clean alternative-fuel vehicles, costing $2,000,000 in the first ten years, for government spending.

| | |
|---|---|
| Repealed | 1,754,489 |
| Maintained | 1,174,345 |

**Senate Joint Resolution No. 8210**
The legislature has proposed a constitutional amendment on the deadline for completing state legislative and congressional redistricting. This amendment would require the state redistricting commission to complete redistricting for state legislative and congressional districts by November 15 of each year ending in a one, 46 days earlier than currently required.

| | |
|---|---|
| Approved | 2,246,030 |
| Rejected | 658,927 |

**United States President/Vice President**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Hillary Clinton / Tim Kaine | Democratic Party Nominees | 1,742,718 |
| Donald J. Trump / Michael R. Pence | Republican Party Nominees | 1,221,747 |
| Alyson Kennedy / Osborne Hart | Socialist Workers Party Nominees | 4,307 |
| Gloria Estela La Riva / Eugene Puryear | Socialism & Liberation Party Nominees | 3,523 |
| Jill Stein / Ajamu Baraka | Green Party Nominees | 58,417 |
| Darrell L. Castle / Scott N. Bradley | Constitution Party Nominees | 17,623 |
| Gary Johnson / Bill Weld | Libertarian Party Nominees | 160,879 |
| Write-ins | | 107,805 |

**United States Senator**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Patty Murray | (Prefers Democratic Party) | 1,913,979 |
| Chris Vance | (Prefers Republican Party) | 1,329,338 |

# EXHIBIT C

## Congressional District 1 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Suzan DelBene | (Prefers Democratic Party) | 193,619 |
| Robert J. Sutherland | (Prefers Republican Party) | 155,779 |

## Congressional District 2 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Rick Larsen | (Prefers Democratic Party) | 208,314 |
| Marc Hennemann | (Prefers Republican Party) | 117,094 |

## Congressional District 3 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jaime Herrera Beutler | (Prefers Republican Party) | 193,457 |
| Jim Moeller | (Prefers Democratic Party) | 119,820 |

## Congressional District 4 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dan Newhouse | (Prefers Republican Party) | 132,517 |
| Clint Didier | (Prefers Republican Party) | 97,402 |

## Congressional District 5 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Cathy McMorris Rodgers | (Prefers Republican Party) | 192,959 |
| Joe Pakootas | (Prefers Democratic Party) | 130,575 |

## Congressional District 6 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Derek Kilmer | (Prefers Democratic Party) | 201,718 |
| Todd A. Bloom | (Prefers Republican Party) | 126,116 |

## Congressional District 7 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Pramila Jayapal | (Prefers Democratic Party) | 212,010 |
| Brady Piñero Walkinshaw | (Prefers Democratic Party) | 166,744 |

## Congressional District 8 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dave Reichert | (Prefers Republican Party) | 193,145 |
| Tony Ventrella | (Prefers Democratic Party) | 127,720 |

## Congressional District 9 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Adam Smith | (Prefers Democratic Party) | 205,165 |
| Doug Basler | (Prefers Republican Party) | 76,317 |

# EXHIBIT C

## Congressional District 10 U.S. Representative

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Denny Heck | (Prefers Democratic Party) | 170,460 |
| Jim Postma | (Prefers Republican Party) | 120,104 |

## Washington State Governor

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jay Inslee | (Prefers Democratic Party) | 1,760,520 |
| Bill Bryant | (Prefers Republican Party) | 1,476,346 |
| Write-ins | | 8,416 |

## Washington State Lt. Governor

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Cyrus Habib | (Prefers Democratic Party) | 1,698,297 |
| Marty McClendon | (Prefers Republican Party) | 1,424,277 |

## Washington State Secretary of State

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kim Wyman | (Prefers Republican Party) | 1,713,004 |
| Tina Podlodowski | (Prefers Democratic Party) | 1,416,299 |

## Washington State Treasurer

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Duane Davidson | (Prefers Republican Party) | 1,576,580 |
| Michael Waite | (Prefers Republican Party) | 1,134,843 |

## Washington State Auditor

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mark Miloscia | (Prefers Republican Party) | 1,455,771 |
| Pat (Patrice) McCarthy | (Prefers Democratic Party) | 1,597,011 |

## Washington State Attorney General

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Bob Ferguson | (Prefers Democratic Party) | 2,000,804 |
| Joshua B. Trumbull | (Prefers Libertarian Party) | 979,105 |

## Washington State Commissioner of Public Lands

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Steve McLaughlin | (Prefers Republican Party) | 1,436,817 |
| Hilary Franz | (Prefers Democratic Party) | 1,630,369 |

## Washington State Superintendent of Public Instruction

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Erin Jones | Nonpartisan | 1,309,896 |
| Chris Reykdal | Nonpartisan | 1,337,547 |

# EXHIBIT C

## Washington State Insurance Commissioner

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mike Kreidler | (Prefers Democratic Party) | 1,763,134 |
| Richard Schrock | (Prefers Republican Party) | 1,258,827 |

## Legislative District 1 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mindie Wirth | (Prefers Republican Party) | 30,850 |
| Guy Palumbo | (Prefers Democratic Party) | 40,758 |

## Legislative District 1 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Derek Stanford | (Prefers Democratic Party) | 43,207 |
| Neil Thannisch | (Prefers Republican Party) | 27,661 |

## Legislative District 1 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jim Langston | (Prefers Republican Party) | 31,739 |
| Shelley Kloba | (Prefers Democratic Party) | 39,076 |

## Legislative District 2 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Randi Becker | (Prefers Republican Party) | 36,739 |
| Marilyn Rasmussen | (Prefers Democratic Party) | 23,149 |

## Legislative District 2 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Andrew Barkis | (Prefers Republican Party) | 34,167 |
| Amy Pivetta Hoffman | (Prefers Independent Dem. Party) | 24,544 |

## Legislative District 2 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| JT Wilcox | (Prefers Republican Party) | 39,033 |
| Derek Maynes | (Prefers Democratic Party) | 20,413 |

## Legislative District 7 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Shelly Short | (Prefers Republican Party) | 56,589 |

## Legislative District 7 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Joel Kretz | (Prefers Republican Party) | 49,635 |
| Mike Foster | (Prefers Libertarian Party) | 14,946 |

## Legislative District 9 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mark G. Schoesler | (Prefers G.O.P Party) | 41,951 |

# EXHIBIT C

**Legislative District 9 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mary Dye | (Prefers Republican Party) | 35,640 |
| Jennifer Goulet | (Prefers Democratic Party) | 17,944 |

**Legislative District 9 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Joe Schmick | (Prefers Republican Party) | 42,695 |

**Legislative District 10 State Senator**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Barbara Bailey | (Prefers Republican Party) | 42,309 |
| Angie Homola | (Prefers Democratic Party) | 32,309 |

**Legislative District 10 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Norma Smith | (Prefers Republican Party) | 48,178 |
| Michael Scott | (Prefers Libertarian Party) | 18,778 |

**Legislative District 10 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dave Hayes | (Prefers Republican Party) | 42,962 |
| Doris Brevoort | (Prefers Democratic Party) | 29,756 |

**Legislative District 12 State Senator**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Brad Hawkins | (Prefers Republican Party) | 30,882 |
| Jon Wyss | (Prefers Republican Party) | 24,258 |

**Legislative District 12 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Cary Condotta | (Prefers Republican Party) | 36,748 |
| Dan Maher | (Prefers Democratic Party) | 21,653 |

**Legislative District 12 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mike Steele | (Prefers Republican Party) | 30,397 |
| Jerry Paine | (Prefers Republican Party) | 20,112 |

**Legislative District 13 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Tom Dent | (Prefers Republican Party) | 41,673 |

**Legislative District 13 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Matt Manweller | (Prefers Republican Party) | 35,071 |
| Jordan Webb | (Prefers Democratic Party) | 14,507 |

**EXHIBIT C**

## Legislative District 14 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Curtis King | (Prefers Republican Party) | 31,156 |
| Amanda Richards | (Prefers Independent GOP Party) | 19,900 |

## Legislative District 14 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Norm Johnson | (Prefers Republican Party) | 35,787 |
| Susan Soto Palmer | (Prefers Democratic Party) | 18,393 |

## Legislative District 14 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Gina McCabe | (Prefers Republican Party) | 36,848 |
| John (Eric) Adams | (Prefers Democratic Party) | 16,914 |

## Legislative District 16 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Maureen Walsh | (Prefers Republican Party) | 40,354 |

## Legislative District 16 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Rebecca Francik | (Prefers Democratic Party) | 18,252 |
| William 'Bill' Jenkin | (Prefers Republican Party) | 29,812 |

## Legislative District 16 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Terry R. Nealey | (Prefers Republican Party) | 32,860 |
| Gary Downing | (Prefers Democratic Party) | 15,507 |

## Legislative District 19 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dean Takko | (Prefers Democratic Party) | 30,850 |
| Sue Kuehl Pederson | (Prefers Independent GOP Party) | 25,064 |

## Legislative District 19 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jim Walsh | (Prefers Republican Party) | 28,693 |
| Teresa Purcell | (Prefers Democratic Party) | 28,134 |

## Legislative District 19 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Brian E. Blake | (Prefers Democratic Party) | 33,629 |
| Jimi O'Hagan | (Prefers Republican Party) | 22,504 |

# EXHIBIT C

**Legislative District 20 State Senator**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| John Braun | (Prefers Republican Party) | 49,936 |

**Legislative District 20 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Richard DeBolt | (Prefers GOP Party) | 47,206 |

**Legislative District 20 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Ed Orcutt | (Prefers Republican Party) | 49,195 |

**Legislative District 24 State Senator**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kevin Van De Wege | (Prefers Democratic Party) | 40,808 |
| Danille Turissini | (Prefers Independent GOP Party) | 31,342 |

**Legislative District 24 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mike Chapman | (Prefers Democratic Party) | 43,847 |
| George Vrable | (Prefers Republican Party) | 28,150 |

**Legislative District 24 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Steve Tharinger | (Prefers Democratic Party) | 40,704 |
| John D. Alger | (Prefers GOP/Independent Party) | 30,895 |

**Legislative District 26 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jesse L. Young | (Prefers Republican Party) | 39,857 |
| Larry Seaquist | (Prefers Indep't Democrat Party) | 30,224 |

**Legislative District 26 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Michelle Caldier | (Prefers Republican Party) | 40,755 |
| Randy Spitzer | (Prefers Independent Dem. Party) | 28,387 |

**Legislative District 30 State Representative Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mike Pellicciotti | (Prefers Democratic Party) | 26,820 |
| Linda Kochmar | (Prefers Republican Party) | 22,465 |

**Legislative District 30 State Representative Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kristine Reeves | (Prefers Democratic Party) | 25,206 |
| Teri Hickel | (Prefers Republican Party) | 24,124 |

**EXHIBIT C**

## Legislative District 31 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Drew Stokesbary | (Prefers Republican Party) | 42,776 |
| John Frostad | (Prefers Libertarian Party) | 16,976 |

## Legislative District 31 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Phil Fortunato | (Prefers Republican Party) | 36,000 |
| Lane Walthers | (Prefers Independent Dem. Party) | 26,364 |

## Legislative District 32 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Cindy Ryu | (Prefers Democratic Party) | 50,061 |
| Alvin Rutledge | (Prefers Republican Party) | 15,950 |

## Legislative District 32 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Ruth Kagi | (Prefers Democratic Party) | 47,908 |
| David D. Schirle | (Prefers Republican Party) | 18,115 |

## Legislative District 35 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dan Griffey | (Prefers Republican Party) | 36,235 |
| Irene Bowling | (Prefers Independent Dem. Party) | 29,658 |

## Legislative District 35 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Drew C. MacEwen | (Prefers Republican Party) | 35,384 |
| Craig Patti | (Prefers Independent Dem. Party) | 29,888 |

## Legislative District 39 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kirk Pearson | (Prefers Republican Party) | 50,942 |

## Legislative District 39 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Dan Kristiansen | (Prefers Republican Party) | 37,503 |
| Linda M. Wright | (Prefers Democrat Party) | 23,306 |

## Legislative District 39 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| John Koster | (Prefers Republican Party) | 37,250 |
| Ronda Metcalf | (Prefers Democratic Party) | 23,854 |

**EXHIBIT C**

## Legislative District 40 State Senator

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kevin Ranker | (Prefers Democratic Party) | 47,108 |
| Daniel R. Miller | (Prefers Republican Party) | 23,081 |

## Legislative District 40 State Representative Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Kristine Lytton | (Prefers Democratic Party) | 53,429 |

## Legislative District 40 State Representative Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jeff Morris | (Prefers Democratic Party) | 52,376 |

## Supreme Court Justice Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Mary Yu | Nonpartisan | 1,577,495 |
| David DeWolf | Nonpartisan | 1,174,263 |

## Supreme Court Justice Position 5

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Barbara Madsen | Nonpartisan | 1,679,786 |
| Greg Zempel | Nonpartisan | 1,031,698 |

## Supreme Court Justice Position 6

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Charles (Charlie) Wiggins | Nonpartisan | 1,535,554 |
| Dave Larson | Nonpartisan | 1,135,285 |

## Court of Appeals, Division 2, District 3 Judge Position 2

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jill M. Johanson | Nonpartisan | 211,205 |

## Court of Appeals, Division 3, District 2 Judge Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| George Fearing | Nonpartisan | 86,411 |
| Patrick McBurney | Nonpartisan | 74,813 |

## Court of Appeals, Division 3, District 3 Judge Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Rebecca Pennell | Nonpartisan | 106,059 |

## Asotin, Columbia, Garfield Superior Court Judge Position 1

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Scott D. Gallina | Nonpartisan | 10,406 |

# EXHIBIT C

**Benton, Franklin Superior Court Judge Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Bruce A. Spanner | Nonpartisan | 75,587 |

**Benton, Franklin Superior Court Judge Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Joe Burrowes | Nonpartisan | 48,499 |
| Sam Swanberg | Nonpartisan | 43,603 |

**Benton, Franklin Superior Court Judge Position 3**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Alexander Carl Ekstrom | Nonpartisan | 49,528 |
| Alicia Marie Berry | Nonpartisan | 41,433 |

**Benton, Franklin Superior Court Judge Position 4**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Cameron Mitchell | Nonpartisan | 78,206 |

**Benton, Franklin Superior Court Judge Position 5**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Vic L. VanderSchoor | Nonpartisan | 75,928 |

**Benton, Franklin Superior Court Judge Position 6**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Carrie Runge | Nonpartisan | 75,210 |

**Benton, Franklin Superior Court Judge Position 7**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jackie Shea Brown | Nonpartisan | 75,697 |

**Ferry, Pend Oreille, Stevens Superior Court Judge Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Patrick A. Monasmith | Nonpartisan | 21,247 |
| C. Olivia Irwin | Nonpartisan | 7,477 |

**Ferry, Pend Oreille, Stevens Superior Court Judge Position 2**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Jessica (Taylor) Reeves | Nonpartisan | 17,459 |
| Terry L. Williams | Nonpartisan | 11,324 |

**Klickitat, Skamania Superior Court Judge Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Randall Krog | Nonpartisan | 10,035 |

**EXHIBIT C**

**Pacific, Wahkiakum Superior Court Judge Position 1**

| Ballot Name | Party Preference | Votes |
|---|---|---|
| Douglas E. Goelz | Nonpartisan | 5,743 |
| Michael S. Turner | Nonpartisan | 5,666 |



In Testimony Whereof, I have hereunto set my hand and affixed the Seal of the State of Washington on this 7th day of December 2016, at Olympia, the State Capital.

Kim Wyman
Secretary of State

## EXHIBIT C



## Secretary of State
*Kim Wyman*

Elections Division
520 Union Ave. SE
PO Box 40229
Olympia, WA 98504-0229
Tel: 360.902.4180
vote.wa.gov

October 21, 2016

Scott E. Stafne
Stafne Law Firm
239 N Olympic Avenue
Arlington, WA 98223

Dear Mr. Stafne,

Thank you for your correspondence dated October 12, 2016.

Attached, please find a list of all presidential electors that were submitted to our office for the 2016 Election.

Additionally, you asked for information regarding procedures, if any, by which a political party can replace a presidential elector. If party rules and procedures allow, a party could submit an amended certificate of electors containing an amended list of names and addresses of the party's chosen electors. Any amended certificate should contain the signature of the party representative who originally certified the slate of electors or that person's documented successor. Any new electors would also have to submit a pledge as required in RCW 29A.56.320.   The Washington Secretary of State's Office strongly prefers this method of replacing an elector because it provides some certainty regarding what the slate will be before the date that the electors convene. However, if a vacancy in the slate of electors is created under party rules and procedures, and the vacancy still exists on the date that the electors convene, the remaining electors can fill the vacancy "with a voice vote, and plurality of votes" according to RCW 29A.56.340. To the extent you need information about what the parties' rules and procedures allow, you should direct those questions to the parties.

Sincerely,

Lori Augino
Director of Elections

**EXHIBIT D**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

P. BRET CHIAFALO, et al.,

               Plaintiffs,

        v.

JAY INSLEE, et al.,

               Defendants.

CASE NO. C16-1886JLR

ORDER

## I.   INTRODUCTION

Before the court is Plaintiffs P. Bret Chiafalo and Levi Guerra's motion for a temporary restraining order ("TRO") and preliminary injunction (collectively, "preliminary injunctive relief"). (TRO/PI Mot. (Dkt. # 2).) Defendants in this lawsuit are three Washington State officials: Jay Inslee, in his official capacity as Governor; Bob Ferguson, in his official capacity as Attorney General; and Kim Wyman, in her official capacity as Secretary of State (collectively, "the State"). (Compl. (Dkt. # 1) ¶¶ 1.3-1.5.) The State opposes Plaintiffs' motion. (State Resp. (Dkt. # 18).)

1    In addition, there are two motions to intervene before the court: the Washington

2    State Republican Party's (the "Republican Party") motion to intervene (*see* Rep. Party

3    MTI (Dkt. # 9)), and President-elect Donald J. Trump and Donald J. Trump for President,

4    Inc.'s (collectively, "the Campaign") motion to intervene (Campaign MTI (Dkt. # 13)).

5    Due to the rapid developments in this case, the Republican Party and the Campaign

6    (collectively, "Putative Intervenors") filed an opposition to Plaintiffs' motion for a TRO

7    and preliminary injunction, which they ask the court to consider if the court grants their

8    motions to intervene. (Put. Intervenors Resp. (Dkt. # 16).)

9    The court has considered the parties' and Putative Intervenors' written

10   submissions and oral arguments, the relevant portions of the record, and the applicable

11   law. The court held a hearing on Plaintiffs' motion for preliminary injunctive relief on

12   December 14, 2016. (12/14/16 Min. Entry (Dkt. # 27).) Following oral argument, the

13   court DENIED Plaintiffs' motion for preliminary injunctive relief and indicated that this

14   written order would follow to more thoroughly articulate the court's reasoning.

15                                    **II.    BACKGROUND**

16   Plaintiffs are two presidential electors for the State of Washington who attack the

17   constitutionality of Washington's Presidential Electors Statute, RCW 29A.56.300 *et seq.*

18   (Compl. ¶¶ 1.1-1.2, 2.2.) In Washington, "each major political party and each minor

19   political party or independent candidate convention that nominates candidates for

20   president and vice president" also nominates presidential electors. RCW 29A.56.320. In

21   tallying votes during the general election, the State counts each vote for president and

22   vice president as a concurrent vote for the presidential electors of that political party. *Id.*

ORDER- 2

1    In other words, the electors nominated by the political party that wins Washington's

2    general election become the electors for the State.  *See id.*  Because Hillary Clinton and

3    Tim Kaine, the Democratic candidates for president and vice-president, respectively, won

4    the general election in Washington (*see* Augino Decl. (Dkt. # 19) ¶ 4, Ex. C at 2),

5    Plaintiffs, as the Democratic Party's nominees for presidential electors, became

6    presidential electors (*see* Augino Decl. ¶ 2, Ex. A at 1; *see also* Compl. ¶¶ 1.1-1.2, 3.2,

7    3.4; Chiafalo Decl. (Dkt. # 1-5) ¶ 6; Guerra Decl. (Dkt. # 1-6) ¶ 6).

8         Plaintiffs believe that President-elect Donald Trump and Vice President-elect

9    Michael Pence are unfit for office (Compl. ¶¶ 3.7-3.8; Chiafalo Decl. ¶ 9; Guerra Decl.

10   ¶ 8), and that it is therefore "in the best interests of Washington and the United States to

11   prevent Trump/Pence from taking office." (Chiafalo Decl. ¶ 10; Guerra Decl. ¶ 9).  To

12   attain that end, Plaintiffs seek "the freedom to vote for any person whom [they] feel is the

13   most viable, fit, and qualified."  (Chiafalo Decl. ¶ 10; Guerra Decl. ¶ 9.)  With this

14   "freedom," Plaintiffs—in consultation with other presidential electors around the

15   nation—intend to either vote for a president and vice-president who will obtain a

16   majority of electoral votes or, at a minimum, block the current candidates from obtaining

17   a majority of electoral votes.  (Chiafalo Decl. ¶ 11, Guerra Decl. ¶ 10); *see also* U.S.

18   Const. amend. XVII.

19        Plaintiffs challenge two provisions of the Presidential Electors Statute.  (*See*

20   *generally* Compl.)  First, the Statute requires each presidential elector to "execute and file

21   with the secretary of state a pledge that, as an elector, he or she will vote for the

22   candidates nominated by that party."  RCW 29A.56.320.  Plaintiffs signed such a pledge,

ORDER- 3

which reads, "I, [name of elector], do hereby pledge that I will vote for the candidates nominated by the Democratic Party for President of the United States and Vice President of the United States."  (Augino Decl. ¶ 3, Ex. B ("Elector Pledges") at 2, 4; *see also* Chiafalo Decl. ¶ 4, Guerra Decl. ¶ 4.)  Second, the Statute authorizes the State to impose a "civil penalty of up to" $1,000.00 on "[a]ny elector who votes for a person or persons not nominated by the party of which he or she is an elector."  RCW 29A.56.340.  Ms. Guerra attests that neither she nor her family can afford to pay such a penalty.  (Guerra Decl. ¶ 12.)  Plaintiffs contend that these restrictions violate Article II and the First, Twelfth, and Fourteenth Amendments to the United States Constitution.  (*See* Compl. ¶¶ 2.2, 3.17-3.18.)

Plaintiffs move for preliminary injunctive relief that precludes the State "from enforcing RCW 29A.56.340, removing or replacing any electors for any reason other than death or physical absence of the elector, or otherwise influencing or interfering with the electors [sic] votes on December 19, 2016, including threatening to or actually imposing any civil penalty against Plaintiffs based on the vote they cast or say they are going to cast."  (Prop. Order (Dkt. # 2-1) at 5.)  That motion is now before the court.

### III.    ANALYSIS

**A.    Legal Standard**

A plaintiff seeking a TRO in federal court must meet the standards for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); Fed. R. Civ. P. 65.  To obtain either form of preliminary injunctive relief, Plaintiffs must establish that (1) they are likely to succeed on the merits,

1    (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the

2    balance of equities tips in their favor, and (4) an injunction is in the public interest.

3    *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Preliminary injunctive

4    relief is also "appropriate when a plaintiff demonstrates that serious questions going to

5    the merits were raised and the balance of hardships tips sharply in the plaintiff's favor,"

6    provided the plaintiff also demonstrates that irreparable harm is likely and that the

7    injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

8    1134-35 (9th Cir. 2011).

9    **B.    Plaintiffs' Motion for Preliminary Injunctive Relief**

10        Plaintiffs fail to show serious questions going to the merits of their claims or

11   irreparable injury, both of which are necessary to warrant preliminary injunctive relief.

12        1.  Merits

13        Plaintiffs have demonstrated neither a likelihood of success on the merits, *Winter*,

14   555 U.S. at 20, nor "serious questions going to the merits" of their claims, *Cottrell*, 632

15   F.3d at 1135. As a threshold matter, Plaintiffs' merits-based argument relies heavily on

16   the false premise that Plaintiffs' electoral votes will be disallowed or not counted if

17   Plaintiffs fail to vote for the Democratic nominees.[1] (*See* TRO/PI Mot. at 4-10.) For

18   _____

19        [1] Putative Intervenors likewise base the majority of their argument on the premise that the

20   State can remove Plaintiffs or decline to count their votes if they fail to vote for their party's
     nominees. (*See generally* Put. Intervenors Resp.) Those inaccuracies appear to be relics of
     similar proceedings in United States District Court for the District of Colorado. (*Compare*

21   Compl.; TRO/PI Mot.), *with Baca v. Hickenlooper Jr.*, No. 1:16-cv-2986-WYD-NYW (D.
     Colo.), Dkt. ## 1-2. Colorado's presidential elector statute, unlike Washington's comparable

22   law, mandates that "[e]ach presidential elector . . . vote for the presidential candidate and, by
     separate ballot, vice-presidential candidate who received the highest number of votes at the

1    instance, Plaintiffs acknowledge that the Supreme Court has held that "requiring electors

2    to sign a pledge to certain candidates was valid and constitutional" (*id.* at 4 (citing *Ray v.*

3    *Blair*, 343 U.S. 214, 220-21 (1952))), but they contend that *Ray* supports the conclusion

4    that Washington's law exceeds constitutional bounds by violating "'an assumed

5    constitutional freedom of the elector under the Constitution, Art. II, § 1, to vote as he may

6    choose in the [E]lectoral [C]ollege'" (*id.* at 5 (quoting *Ray*, 343 U.S. at 229); *see also*

7    TRO/PI Mot. at 9 (arguing that "Washington's binding statute . . . violate[s] the Equal

8    Protection Clause of the Fourteenth Amendment because [it] unconstitutionally dilute[s]

9    and debase[s] the weight of Washington's electors' votes")).  Washington has no law

10   precluding Plaintiffs from voting as they choose—and having those votes counted—in

11   the Electoral College.  *See* RCW 29A.56.320, .340.  The only potential State-imposed

12   repercussion before the court is the discretionary civil penalty of up to $1,000.00.  *See*

13   RCW 29A.56.340; (*see also* TRO/PI Reply at 5 ("If Defendants are conceding they will

14   not impose the civil penalty if Plaintiffs chose to vote for a candidate other than the

15   Democratic Presidential Nominees, they are stipulating to the relief requested by

16   Plaintiffs.").)

17   ───────────────

18   preceding general election in [Colorado]."  Colo. Rev. Stat. § 1-4-304(5).  Washington law lacks
     this mandatory language, *see* RCW 29A.56.340, and therefore the court finds inapplicable and
19   unpersuasive Plaintiffs' and Putative Intervenors' arguments that posit statutorily compelled
     electoral votes.
20        The court notes that the Honorable Wiley Y. Daniel denied a request to preliminarily
     enjoin Colorado's law, which is considerably more coercive than Washington's.  *Baca*, No.
21   1:16-cv-2986-WYD-NYW, Dkt. # 19.  Analogous proceedings challenging California law are
     ongoing before the Honorable Edward J. Davila in the Northern District of California, but Judge
22   Davila has not yet ruled on the motion for preliminary injunctive relief.  *Koller v. Brown*, No.
     5:16-cv-07069-EJD (N.D. Cal.); *see also* Cal. Elec. Code §§ 6906, 18002.

Having clarified Washington's law, the court finds their argument based on Article II and the Twelfth Amendment and their argument based on the Fourteenth Amendment to warrant minimal discussion. Although it does not squarely address the issue, *Ray* implies that the Supreme Court does not consider Article II and the Twelfth Amendment to "demand[] absolute freedom for the elector to vote his own choice." 343 U.S. at 228; *see also id.* at 226-29 nn.14-16 (discussing the history of electors serving merely to register the will of the voters of their state as expressed through the general election). Plaintiffs have made no showing that the coercive impact of a potential civil penalty is so coercive that it offends the electoral system. Plaintiffs' Fourteenth Amendment argument is based exclusively on the impact of Washington's "binding" statute (TRO/PI Mot. at 8-10), but Washington's statute does not bind its voters, *see* RCW 29A.56.320, .340. The court concludes that both arguments are unlikely to succeed on the merits.

Plaintiffs' First Amendment argument warrants deeper analysis (*see* TRO/PI Mot. at 6-8; *see also* TRO/PI Reply (Dkt. # 22) at 3-4), especially in light of the Ninth Circuit's permissive case law regarding preliminary injunctive relief to protect First Amendment rights, *see Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 973 (9th Cir. 2002), *abrogated on other grounds by Winter*, 555 U.S. 7. In their briefing and at oral argument, Plaintiffs identified no authority for the proposition that their electoral vote implicates their First Amendment rights. (*See* TRO/PI Mot. at 6-8.) Relevant legal authority characterizes electors' role as "ministerial," *Thomas v. Cohen*, 262 N.Y.S. 320, 326 (Sup. Ct. 1933), limits the context in which the First Amendment protects individuals performing their official, governmental duties, *see Garcetti v. Ceballos*, 547 U.S. 410,

1   421-22 (2006); *Ray*, 343 U.S. at 224-25 ("[Electors] act by authority of the state that in

2   turn receives its authority from the federal constitution."); *id.* at 226-29 nn.14-16, and

3   confers immense discretion to the states in the appointment of electors, *see* U.S. Const.

4   art. II, § 1, cl. 2 ("Each State shall appoint, in such Manner as the Legislature thereof may

5   direct, a Number of Electors . . . ."); *Bush v. Gore*, 531 U.S. 98, 104 (2000) (citing

6   *McPherson v. Blacker*, 146 U.S. 1 (1892)) (discussing the "plenary" nature of "the state

7   legislature's power to select the manner for appointing electors"); *Williams v. Rhodes*,

8   393 U.S. 23, 34 (1968) ("[T]he State is left with broad powers to regulate voting, which

9   may include laws relating to the qualification and functions of electors."). Furthermore,

10  Plaintiffs chose to stand for nomination as an elector for their party, subject to the rules

11  and limitations that attend the position. (Chiafalo Decl. ¶ 3; Guerra Decl. ¶ 3.) They also

12  retain the ability to step down as electors without penalty. *See* RCW 29A.56.340

13  (contemplating filling vacancies caused by "refusal to act" or "neglect to attend"). The

14  court therefore concludes that it is unlikely that casting electoral ballots implicates

15  Plaintiffs' First Amendment rights.

16      Finally, even assuming the First Amendment extends to electoral balloting, the

17  only State-imposed deterrent to electors voting as they choose is a potential $1,000.00

18  civil penalty. *See* RCW 29A.56.340. Several compelling State interests likely justify the

19  minimal burden imposed by a discretionary civil penalty of up to $1,000.00. *See Burdick*

20  *v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788

21  (1983)) (directing courts "considering a challenge to a state election law" to perform a

22  balancing inquiry that weighs "'the character and magnitude of the asserted injury to the

ORDER- 8

rights protected by the First and Fourteenth Amendments that the plaintiff seeks to

vindicate' against 'the precise interests put forward by the State as justifications for the

burden imposed by its rule,' taking into consideration 'the extent to which those interests

make it necessary to burden the plaintiff's rights'"); *Williams*, 393 U.S. at 32 ("[T]he

State does have an interest in attempting to see that the election winner be the choice of a

majority of its voters.").[2]

The court concludes that Plaintiffs have failed to show "serious questions going to

the merits" of their claims. *Cottrell*, 632 F.3d at 1135. This conclusion warrants denial

of Plaintiffs' request for preliminary injunctive relief. *See id.*

2. Irreparable Harm

Plaintiffs also fail to demonstrate that they are likely to suffer irreparable harm,

and this conclusion constitutes an independently sufficient reason to deny their request

for preliminary injunctive relief. *See Dex Media W., Inc. v. City of Seattle*, 790

F. Supp. 2d 1276, 1280 (W.D. Wash. 2011) ("[U]nder either the four-part test in *Winter*

or the sliding scale test formulated in *Cottrell*, Plaintiffs are required to demonstrate a

likelihood of irreparable injury and that the injunction is in the public interest." (italics

added)); *Kotok v. Homecomings Fin., LLC*, No. C09-0662RSM, 2009 WL 1652151, at *2

---

[2] Plaintiffs assert that strict scrutiny applies to voting-related restrictions (*see* TRO/PI Mot. at 7), but "not every voting regulation is subject to strict scrutiny," *Pub. Integrity All., Inc. v. City of Tucson*, 836 F.3d 1019, 1024 (9th Cir. 2016). Rather, the court employs a balancing test, and strict scrutiny only applies when the burden on First or Fourteenth Amendment rights is "severe." *Id.* The court rejects Plaintiffs' argument that strict scrutiny would apply to RCW 29A.56.340. *See Dudum v. Arntz*, 640 F.3d 1098, 1106 (9th Cir. 2011) ("We have repeatedly upheld as 'not severe' restrictions that are generally applicable, even-handed, politically neutral, and . . . protect the reliability and integrity of the election process." (internal quotations omitted) (alteration in original)).

(W.D. Wash. June 12, 2009) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)) ("The showing of irreparable harm is considered 'the single most important prerequisite for the issuance of a preliminary injunction.'").  In support of the irreparable harm element, Plaintiffs make the following argument:

> Plaintiffs will suffer irreparable injury if a preliminary injunction [or TRO] is not issued because they will be forced to vote for Hillary Clinton and Tim Kaine in violation of their right to vote for whomever they choose.  If they do not do so, they can be removed by their own party pursuant to RCW 26A.56.340 [sic] and not allowed to vote and will be fined $1,000. They will not be allowed to vote as electors again in this election and will be permanently deprived of their ability to cast a vote for the candidate of their choice.  No monetary damages can compensate such a deprivation. The Plaintiffs spent myriad hours, expended great personal effort, and incurred personal expense to attend the various caucuses, assemblies, and conventions to become electors.  Their fellow citizens voted for them as electors, in part, because they could be trusted to do what was right and vote not just for default candidates, but for someone whom Plaintiffs believe to be the best suited to run the country.

(TRO/PI Mot. at 10; *see also* TRO/PI Reply at 4-7.)

Most of the potential repercussions that Plaintiffs avowedly fear and seek to avoid are either unsupported or contradicted by the law or the record.  *See* RCW 29A.56.320, .340.  Contrary to Plaintiffs' citation, RCW 29A.56.340 does not allow a "party"—or the State—to remove presidential electors for being unfaithful to the statewide results of the general election.  *See* RCW 29A.56.340.  Furthermore, although Plaintiffs have each signed pledges to vote for the Democratic Party's nominees (Elector Pledges at 2, 4), "no matter how Plaintiffs cast their electoral ballots on December 19, [2016,] their ballots will be submitted to Congress, along with the rest of Washington's

1  electoral votes, for determination of the next President" (State Resp. at 2). Indeed,

2  Washington law expressly contemplates that an elector may "vote[] for a person or

3  persons not nominated by the party of which he or she is an elector." RCW 29A.56.340.

4  Plaintiffs are therefore capable of opting not to "be permanently deprived of their ability

5  to cast a vote for the candidate of their choice." (TRO/PI Mot. at 10.) Similarly, they

6  may "do what [they feel is] right and vote not just for default candidates, but for someone

7  whom Plaintiffs believe to be the best suited to run the country." (*Id.*; *see also* TRO/PI

8  Reply at 5.)

9      Plaintiffs have, however, identified one provision of Washington law that has a

10  coercive impact on electors: RCW 29A.56.340 provides for a civil penalty of up to

11  $1000.00 if Plaintiffs vote for anyone other than their party's nominees. (*See* TRO/PI

12  Mot. at 10.) However, "economic injury alone does not support a finding of irreparable

13  harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v.*

14  *Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

15  Furthermore, the prospect of a civil penalty is speculative at this juncture. *See Caribbean*

16  *Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("[A] plaintiff must

17  demonstrate immediate threatened injury as a prerequisite to preliminary injunctive

18  relief."). Plaintiffs have not yet decided for whom they will cast their electoral votes.

19  (*See* Chiafalo Decl. ¶ 10; Guerra Decl. ¶ 9.) Even if Plaintiffs vote for candidates other

20  than Hillary Clinton and Tim Kaine, the State may elect to pursue a nominal civil penalty

21  //

22  //

1  or no civil penalty.[3]  *See* 29A.56.340 (subjecting an elector who declines to vote for her

2  party's nominee to a civil penalty of "up to one thousand dollars").  Accordingly, the

3  court cannot conclude that Plaintiffs are "likely to suffer irreparable harm in the absence

4  of preliminary relief."  *Winter*, 555 U.S. at 20.

5      Plaintiffs also argue that the mere potential of a monetary penalty has a chilling

6  impact on Plaintiffs' ability to exercise their First Amendment rights.  (*See* TRO/PI Reply

7  at 4); *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008)

8  ("Unlike monetary injuries, constitutional violations cannot be adequately remedied

9  through damages and therefore generally constitute irreparable harm."), *rev'd on other*

10  *grounds sub nom. Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134 (2011);

11  *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for

12  even minimal periods of time, unquestionably constitutes irreparable injury."); (*see also*

13  Guerra Supp. Decl. (Dkt. # 25) ¶¶ 3-6 (professing an inability to pay a $1,000.00 fine and

14  stating that the threat of such a fine has intimidated Ms. Guerra and "originally made

15  [her] seriously consider whether I should vote according to my conscience, rights[,] and

16  duties").)  In the Ninth Circuit, "'a party seeking preliminary injunctive relief in a First

17  Amendment context can establish irreparable injury sufficient to merit the grant of relief

18  by demonstrating the existence of a colorable First Amendment claim.'"  *Sammartano*,

19

20  _____

21      [3] The speculative nature of Plaintiffs' alleged injury does not, however, call into question
   Plaintiffs' constitutional standing.  *See Ariz. Right to Life Political Action Comm. v. Bayless*, 320

22  F.3d 1002, 1006-07 (9th Cir. 2003) (discussing the permissive gloss applied to constitutional
   standing doctrine in First Amendment challenges).

303 F.3d at 973 (quoting *Viacom Int'l, Inc. v. F.C.C.*, 828 F. Supp. 741 (N.D. Cal. 1993)).

Although "demonstrating the existence of a colorable First Amendment claim" is less exacting than the *Winter* and *Cottrell* standards applied above, *see supra* § III.B.1., the court finds that Plaintiffs fail to demonstrate the existence of a colorable First Amendment claim for the same reasons as it concluded that Plaintiffs are unlikely to succeed on the merits, *see Sammartano*, 303 F.3d at 973; *see also Hohe v. Casey*, 868 F.2d 69, 72-73 (3d Cir. 1989) ("[T]he assertion of First Amendment rights does not automatically require a finding of irreparable injury . . . ."); *see also Dex Media*, 790 F. Supp. 2d at 1280 (acknowledging that in the First Amendment context, the "determination of whether Plaintiffs have demonstrated a likelihood of irreparable harm . . . hinges in part on whether Plaintiffs have demonstrated a likelihood of success on the merits of their First Amendment claim"). Moreover, because the only potential harm to Plaintiffs is pecuniary, preliminary injunctive relief would have no impact on Plaintiffs' decision-making calculus. Whether or not the court preliminarily enjoins the State from enforcing the $1,000.00 civil penalty, Plaintiffs will have to (1) decide for whom to cast their electoral vote on December 19, 2016, and subsequently (2) pay the penalty if (a) Plaintiffs do not vote for their party's nominees, (b) the State imposes and seeks to collect a penalty, and (c) the court ultimately concludes that RCW 29A.56.340 is constitutional. *See* RCW 29A.56.340. In other words, even assuming that casting an electoral vote is an exercise of First Amendment freedoms, preliminary injunctive relief would not mitigate the chilling effect of the discretionary statutory penalty. This

1    reasoning tracks the rationale for concluding that monetary losses typically do not

2    constitute irreparable harm.[4]  *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

3         Based on the foregoing analysis, the court concludes that preliminary injunctive

4    relief would not prevent likely irreparable harm because the potential $1,000.00 civil

5    penalty is economic and speculative, and does not chill Plaintiffs' First Amendment

6    rights.  *See* RCW 29A.56.340.  This conclusion alone warrants denial of Plaintiffs'

7    request for a TRO and preliminary injunction.  *See Winter*, 555 U.S. at 20; *Cottrell*, 632

8    F.3d at 1134-35; *Dex Media*, 790 F. Supp. 2d at 1280; *Kotok*, 2009 WL 1652151, at *2.

9    Because Plaintiffs have shown neither a likelihood of success on the merits nor a

10   likelihood of irreparable harm, the court denies their motion for preliminary injunctive

11   relief.[5]

12   **C.   Putative Intervenors' Motions to Intervene**

13        At oral argument, Plaintiffs indicated that they do not oppose Putative Intervenors'

14   intervention for the limited purpose of deciding this motion.  The State does not oppose

15   the motions to intervene.  (*See* Rep. Party MTI at 1 n.1; Campaign MTI at 1 n.1.)

16   _____

17        [4] "[F]inancial losses that would be unrecoverable due to [the State's] Eleventh
     Amendment sovereign immunity do constitute irreparable injury."  *A Woman's Friend*
18   *Pregnancy Res. Clinic v. Harris*, 153 F. Supp. 3d 1168, 1215 (E.D. Cal. 2015).  However,
     Plaintiffs have not yet cast their electoral ballots, the State has not determined whether to impose
19   a civil penalty, and there is no way to tell when such a civil penalty might be due, particularly
     because there is no precedent for such a civil penalty since Washington enacted the provision of
20   RCW 29A.56.340 that authorizes the State to impose a fine.  Accordingly, this potentiality is too
     speculative to be considered "likely," or "immediate."  *Caribbean Marine*, 844 F.2d at 674.

21        [5] The court expresses no opinion regarding the other elements that apply to Plaintiffs'
     request for preliminary injunctive relief.  *See Winter*, 555 U.S. at 20; *Cottrell*, 632 F.3d at
22   1134-35.

ORDER- 14

1    Accordingly, the court has considered Putative Intervenors' joint response herein.  (*See*

2    Put. Intervenors Resp.)

3          However, the court has not ruled on Putative Intervenors' motions to intervene,

4    which are not fully briefed, or on the merits of Plaintiffs' constitutional challenge.  The

5    court RENOTES the motions to intervene for January 6, 2017.  Any responses are due on

6    January 2, 2017, and Putative Intervenors' reply briefs, if any, are due on January 6,

7    2017.

8                              **IV.     CONCLUSION**

9          Based on the foregoing analysis, the court DENIES Plaintiffs' motion for a TRO

10   and preliminary injunction (Dkt. # 2) and RENOTES Putative Intervenors' motions to

11   intervene (Dkt. ## 9, 13) for January 6, 2017.

12         Dated this 15th day of December, 2016.

13

14

15                                        _____

16                                        JAMES L. ROBART
                                          United States District Judge

17

18

19

20

21

22